**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDITH ALLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMERICAN FAMILY MUTUAL INSURANCE ) <br> CO. et al., ) <br> ) <br> Defendants. ) <br> ) | 2:13-cv-00031-RCJ-PAL <br><br> **ORDER** |

This case arises out of an automobile insurance company's alleged refusal to pay its insured the amounts due under a policy. Pending before the Court is a Motion to Dismiss (ECF No. 6). Plaintiffs have failed to timely respond within the stipulated extension of time. For that reason, and for the reasons given herein, the Court grants the motion.

**I.      FACTS AND PROCEDURAL HISTORY**

On February 5, 2010, Plaintiff Judith Allan was driving on Bermuda Road (in Las Vegas, Nevada) when an unidentified vehicle caused a collision between Allan's vehicle and a third vehicle, injuring Allan severely. (Am. Compl. ¶ 7, Dec. 7, 2012, ECF No. 1-1). At the time, Allan had an insurance policy through Defendant American Family Mutual Insurance Co. ("AFMIC") that included $100,000 in medical payment coverage. (*Id.* ¶ 8). Plaintiff demanded AFMIC tender the policy limits, but AFMIC tendered only $3000. (*Id.* ¶ 9).

Plaintiff sued AFMIC and Ruth Warner, a Nevada resident working as an insurance agent for AFMIC, in state court. (*See id.* ¶¶ 2–3). Defendants removed the Amended Complaint

("AC"). The AC lists five nominal causes of action, best characterized as follows: (1) Breach of Contract; (2) Bad Faith; (3) violation of Nevada Unfair Practices Act, Nevada Revised Statutes ("NRS") section 686A.310; (4) Declaratory Relief; and (5) Strict Liability (Products). Defendants have asked the Court to dismiss all claims as against Warner for failure to state a claim.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    ANALYSIS**

Defendants argue that Plaintiff joined Warner solely to defeat diversity jurisdiction and that she is therefore fraudulently joined. Defendants address each cause of action in the AC as against Warner. First and second, Defendants correctly note that the breach of contract and bad faith actions necessarily fail against Warner, because Plaintiff alleges a contract only with AFMIC, not with Warner, who is only alleged to have been AFMIC's agent. *See Vargas v. Cal. State Auto Ass'n Inter-Ins. Bureau*, 788 F. Supp. 462, 464–65 (D. Nev. 1992) (Reed, J.). Third, Defendants correctly note that Warner cannot be liable under Chapter 686A because the Unfair Settlement Practices Act creates liability only for insurance companies. *See Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949, 960 (Nev. 1998). Fourth, Defendants correctly note that the claim for declaratory relief fails against Warner, because it asks the Court to adjudicate the parties' rights under an insurance contract to which Warner is not alleged to be a party. Fifth and finally, Defendants correctly note that an insurance policy is not a product subject to a strict liability

claim. A contract is an abstract agreement, not a physical "product" capable of physical harm to the consumer. Even if for the sake of argument the material upon which the contract was written could be considered a "product" for the purposes of strict liability in an extreme case, it is the unidentified driver, not the physical manifestation of the contract, that is alleged to have caused the physical injury in the present case. The contractual injury is appropriately pled under the breach of contract claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED. All claims against Ruth Warner are dismissed.

IT IS FURTHER ORDERED that Plaintiff shall show cause within fourteen (14) days why the fifth claim for strict liability (products) should not be dismissed as against AFMIC.

IT IS SO ORDERED.

Dated this 11th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge